UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. GONZALES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOE LIZARRAGA,<br><br>　　　　　Respondent. | No. 2:16-cv-1119 GEB GGH P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2014 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

　　　Review of the federal habeas petition and attached exhibits demonstrates that petitioner is not entitled to relief on the grounds alleged, thus requiring dismissal of the petition. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

　　　In Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859 (2011), the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California federal habeas petitioner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska

1

1    Penal and Corrections Complex, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard, and a
2    statement of reasons for the denial).  See Swarthout, 562 U.S. at 220.  Under the Supreme Court's
3    decision in Swarthout, "it is no federal concern...whether California's 'some evidence' rule of
4    judicial review (a procedure beyond what the Constitution demands) was correctly applied."  See
5    id. at 220-21.

6            In Styre v. Adams, 645 F.3d 1106 (9th Cir. 2011), the Ninth Circuit found that the
7    Supreme Court's decision in Swarthout applies equally to cases in which the Governor, rather
8    than the BPH, found the inmate unsuitable for parole.  The Styre court also noted that the federal
9    Due Process Clause "does not require that the Governor hold a second suitability hearing before
10   reversing a parole decision."  645 F.3d at 1108.  Thus, it appears there is no federal due process
11   requirement for a "some evidence" review, whether parole eligibility was denied at the BPH level
12   or by the Governor.

13           Petitioner claims that the reasons given in the April 30, 2014 parole denial were "arbitrary
14   and capricious" because he has been a model inmate and has successfully rehabilitated.  (ECF No.
15   1 at 1.)  Petitioner alleges that the denial must comply with Cal. Penal Code § 3041, and he
16   requests that the court order an evidentiary hearing and require the BPH to show cause for its
17   denial.  Petitioner claims that parole hearings are a pretense and a farce, and the BPH plans to
18   keep him in prison forever because he had claimed imperfect self-defense for second degree
19   murder.  (ECF No. 1 at 2.)  Petitioner also alleges that the parole hearing transcript from April 30,
20   2014 contains eighty "indiscernables" or inaudibles in the 125 page transcript, rendering it
21   insufficient for the court's review.  (ECF No. 1 at 7.)

22           These claims are not cognizable.  Under the Supreme Court's decision in Swarthout, this
23   court may not review whether California's "some evidence" standard was correctly applied in
24   petitioner's case.  Swarthout, 131 S.Ct. at 862–63.  Petitioner claims that BPH decision was
25   arbitrary and capricious; however, this claim is also contradicted by the record.  Petitioner is only
26   entitled to an opportunity to be heard and to be provided a statement of the reasons for the parole
27   denial.  Id. at 862.  The transcript from the hearing indicates that petitioner was represented by
28   counsel and both counsel and petitioner were present and had an opportunity to present their

1   arguments and were then informed on the record why parole was denied.[1]  (Ex. C, ECF No. 1 at

2   123-248.)  The Due Process Clause requires no more.

3         IT IS HEREBY RECOMMENDED that this petition be dismissed for the reasons

4   discussed above.

5         If petitioner files objections, he shall also address if a certificate of appealability should

6   issue.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

7   made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

8   certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.

9   28 U.S.C. § 2253(c)(3).

10        These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12  after being served with these findings and recommendations, petitioner may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that

15  failure to file objections within the specified time waives the right to appeal the District Court's

16  order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated: July 6, 2016

18                                                   /s/ Gregory G. Hollows

19                                           UNITED STATES MAGISTRATE JUDGE

21  GGH:076/ky:gonz1119.101a

---

[1] The number of indiscernible and inaudible notations did not hinder the undersigned in reviewing the substance of the transcript.